**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| MALLOREY TOMCZAK,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>                      Defendant. | Civil Action No.:   5:21-cv-01564-MGL |

**NOTICE OF REMOVAL**

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, Defendant United Services Automobile Association ("USAA" or "Defendant") removes the above-captioned civil action currently pending in the Court of Common Pleas, County of Orangeburg, South Carolina, Civil Action No. 2021-CP-38 (the "Action"), to the United States District Court for the District of South Carolina, Orangeburg Division. In support of this Notice of Removal, USAA states as follows:

**I.     INTRODUCTION**

1.     On April 15, 2021, Plaintiff Mallorey Tomczak ("Plaintiff") filed this Action on behalf of herself and a putative class of plaintiffs. (A copy of the Complaint is attached as Exhibit 1.)

2.     Plaintiff alleges that in May 2019, she was injured in an auto accident in Orangeburg, South Carolina, and made a claim for Personal Injury Protection ("PIP") medical expense benefits as an "insured" under a USAA auto insurance policy issued to Larry A. Fogle, a

1

non-party. (*See* Cmplt. ¶¶ 11-14.) Plaintiff asserts that USAA did not pay the full amount of her medical bills based on the results of certain medical bill review audits.

3.  Specifically, Plaintiff asserts, on behalf of herself and a putative class (*see infra* ¶ 4), that USAA improperly failed to pay the full amounts of their medical bills due to three alleged practices: (1) "reducing" PIP payments based on providers' participation in "preferred provider organizations" ("PPOs") or "preferred provider networks" ("PPNs") (*see, e.g.*, Cmplt. ¶¶ 43-45); (2) not paying all or portions of medical bills based on a peer review conducted by an outside physician (*see, e.g., id.* ¶¶ 46-55); and (3) "reducing" medical bills because the fees billed were unreasonable compared to the charges of other providers in the same geographic area for the same medical procedure (*see id.* ¶¶ 56-68). USAA denies these allegations.

4.  Plaintiff brings this Action on behalf of the following putative class:

> All South Carolina consumers who submitted a PIP claim under a USAA automobile insurance policy and had one or more claims denied or reduced within the applicable statute of limitations based on (a) a 'PPO' "reason code" (or an equivalent reason code) in the EOR [Explanation of Reimbursement] form that was defined to mean that the charge exceeded an allowable rate set by databases containing PPO and PPN allowable rates; (b) a letter written by a physician engaged by AIS [Auto Injury Solutions, a third-party vendor] who conducts only a paper review and without any independent investigation by USAA; and/or (c) an "RF" or equivalent "reason code" in the EOR that was defined to mean that the charge exceeded a reasonable amount for the service provided.

(*Id.* ¶ 74.)

5.  The Complaint contains three causes of action. Count I is for alleged bad-faith breach of the insurance contract (*id.* ¶¶ 78-83); Count II is for breach of contract (*id.* ¶¶ 84-87); and Count III is for alleged violations of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10, *et seq.* (*id.* ¶¶ 88-96). Plaintiff seeks, among other forms of relief, "actual damages; consequential damages; compensatory damages including, but not

limited to, pain and suffering and emotional distress damages; statutory damages, exemplary/punitive damages, costs and attorney's fees" (Cmplt. at 26 ¶ c); "disgorgement and/or restitution" (*id.* ¶ d); prejudgment interest (*id.* ¶ f); declaratory and injunctive relief enjoining USAA from continuing the challenged practices (*id.* ¶ g); and "[s]uch other and further relief as the Court may deem proper and just" (*id.* ¶ h).

6.  As demonstrated below, this Action is removable pursuant to CAFA. The Action is a "class action" within the meaning of 28 U.S.C. §§ 1332(d)(1)(A), (B), and 1453(a);[1] the removal is timely; there is diversity of citizenship between Plaintiff and Defendant; there are at least 100 putative plaintiff class members; and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.[2] *See id.* §§ 1332(d)(2), (d)(5)(B), (d)(6), 1441, 1446, 1453. CAFA was "enacted to facilitate adjudication of certain class actions in federal court" and should "be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (internal quotation omitted); *see also id.* ("[N]o antiremoval presumption attends cases invoking CAFA . . . .").

---

[1] The term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This action is brought by Plaintiff pursuant to Rule 23 of the South Carolina Rules of Civil Procedure (Cmplt. ¶ 73) on behalf of a putative plaintiff class. This Action is therefore a "class action" within the meaning of CAFA.

[2] Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

7.   The United States District Court for the District of South Carolina, Orangeburg Division, is the proper place to file this Notice of Removal because it is the district and division embracing the place where the Action is pending.  See 28 U.S.C. §§ 1441(a), 121(5).

8.   Pursuant to 28 U.S.C. § 1446(a), USAA attaches as Exhibit 1 a copy of all process, pleadings, and orders served upon USAA in the Action; Exhibit 2 contains the filings available on the state court docket, including the docket sheet.  Pursuant to 28 U.S.C. § 1446(d), USAA has contemporaneously filed a copy of this Notice of Removal with the Court of Common Pleas, County of Orangeburg, South Carolina, where the Action is pending.  In addition, USAA is serving a copy of the Notice of Removal on counsel for Plaintiff.

## II.   TIMELINESS OF REMOVAL

9.   Plaintiff filed the Action on April 15, 2021.  *See supra* ¶ 1.  On April 26, 2021, the Director of the South Carolina Department of Insurance accepted service of the summons and Complaint on behalf of USAA.  (*See* Ex. 1.)  The Director forwarded those documents to CSC (Defendant's agent for service of process), which received them on April 28, 2021.  (*See id.*)  This Notice of Removal is therefore timely.  *See* 28 U.S.C. §§ 1446(b), 1453.

## III.   DIVERSITY OF CITIZENSHIP

10.   This Action satisfies CAFA's requirements for diversity of citizenship.

11.   Under CAFA, complete diversity of citizenship is not required.  Instead, CAFA requires only "minimal diversity":  "any member of a class of plaintiffs is a citizen of a State different from any defendant."  *Id.* § 1332(d)(2)(A).  Moreover, under CAFA the citizenship of unincorporated associations is treated like that of corporations:  "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  *Id.* § 1332(d)(10).

12. In this Action, CAFA diversity is satisfied. Plaintiff is a citizen of South Carolina. (*See also* Cmplt. ¶ 6.) USAA is a citizen of Texas: it is a reciprocal interinsurance exchange (an unincorporated association) organized under the laws of the state of Texas, with its principal place of business in Texas.[3] (*See also id.* ¶¶ 7-8.) Because Defendant is a citizen of Texas, and Plaintiff is a citizen of South Carolina, CAFA diversity exists. Furthermore, because USAA is not a citizen of the State of South Carolina, no possible exception (discretionary or mandatory) to CAFA jurisdiction applies. *See* 28 U.S.C. §§ 1332(d)(3), (d)(4)(A), (d)(4)(B).

## IV. NUMBER OF PUTATIVE PLAINTIFF CLASS MEMBERS

13. Under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more. *See* 28 U.S.C. § 1332(d)(5)(B).

14. Here, the number of putative plaintiff class members is at least 100. Plaintiff alleges that there are "hundreds, if not thousands," of putative class members. (*E.g.*, Cmplt. ¶¶ 76a, 77c.) Although USAA denies that the proposed class and claims are proper, USAA agrees that this CAFA requirement is satisfied here.

## V. THE AMOUNT IN CONTROVERSY

15. USAA denies that Plaintiff has stated any viable claims, that the putative class meets the requirements for certification, or that damages or any other forms of relief are owed to Plaintiff or to any member of the putative class. "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *Scott v. Cricket*

---

[3] The Complaint asserts that because USAA is a reciprocal interinsurance exchange, it is a citizen of all fifty states. (*See* Cmplt. ¶ 8 & n.1.) That rule does not apply to *CAFA* diversity jurisdiction, under which an unincorporated association, like USAA, is a citizen the state of its principal place of business and the state under whose laws it is organized. *See supra* ¶ 11.

*Commun's, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (internal quotations omitted). Although USAA denies that Plaintiff and the putative class members will ultimately recover any damages, it is evident from the allegations of the Complaint and the nature of Plaintiff's claims that the amount in controversy exceeds CAFA's jurisdictional threshold of $5,000,000, exclusive of interest and costs.

16. First, Plaintiff seeks alleged compensatory damages on behalf of all putative class members. (*See supra* ¶ 5.) USAA calculated the total amount of PIP medical charges submitted by USAA's South Carolina insureds that were reduced or denied during the putative class period[4] based on a PPO "or equivalent reason code" in the EOR form, a physician letter (the "peer" or "paper" review), or an " 'RF' [reasonable fee] or equivalent" reason code. (*See supra* ¶¶ 3-4.) That amount is more than $2.3 million. In arriving at this figure, USAA applied the standards set out in Plaintiff's class definition in Paragraph 74 of the Complaint, and based its analysis on a review of electronically stored data that are regularly captured and stored contemporaneously in connection with Defendant's medical bill audit process, and are made and kept in the regular course of Defendant's business.

17. Second, Plaintiff seeks punitive damages on behalf of herself and the putative class. (*See supra* ¶ 3.) Punitive damages also must be included in the amount in controversy. *See, e.g.*,

---

[4] The class definition is keyed to a PIP claim that was "denied or reduced within the applicable statute of limitations." (Cmplt. ¶ 74.) Plaintiff appears to contend that the challenged conduct dates back to at least March 2018. (*Id.* ¶ 40.) The limitations period for Plaintiff's claims is three years. *See, e.g.*, *Davis v. Bankers Life & Cas. Co.*, No. 6:16-3100-TMC, 2017 WL 2703972, at *2 (D.S.C. June 23, 2017) (claims for breach of insurance policy and bad faith subject to three-year limitations period) (citing, e.g., S.C. Code Ann. § 15-3-530), *aff'd*, 699 F.3d 234 (4th Cir. 2017) (per curiam); S.C. Code Ann. § 39-5-150 (three-year limitations period for SCUTPA claims). Accordingly, for purposes of this Notice of Removal, USAA assumes that the putative class period starts on April 15, 2018.

*American Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003). A punitive damages award of even two times the alleged actual damages would amount to more than $4.6 million. *See* S.C. Code Ann. § 15-32-530(A) (establishing general cap on punitive damages of three times the amount of compensatory damages or $500,000, whichever is greater). Accordingly, the amount of alleged actual and punitive damages alone (more than $6.9 million) exceeds CAFA's jurisdictional minimum of $5,000,000, exclusive of interest and costs.

18.    Third, Plaintiff seeks an award of statutory attorneys' fees, apparently under S.C. Code Ann. § 38-59-40. An award of fees of up to "one-third of the amount of the judgment," *see id.* § 38-59-40(1), which USAA does not concede Plaintiff would recover, would amount to more than $2.3 million. That amount also must be added to the amount in controversy. *See, e.g.*, *Williams v. GlaxoSmithKline LLC*, No. 1:18-cv-01346-JMC, 2019 WL 211087, at *3 (D.S.C. Jan. 16, 2019).

19.    Finally, Plaintiff seeks an injunction prohibiting USAA from engaging in the challenged practices. Here, the amount of average yearly "reductions" or "denials" of PIP medical benefits over the putative class period is at least $2.3 million ($6.9 million / 3 years). Thus, the yearly value of an injunction would be at least $2.3 million, which also must be added to the amount in controversy.[5] *See, e.g.*, *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (U.S. 1977).

---

[5] Defendant's calculation of the amount in controversy did not include Plaintiff's claim for treble damages and attorneys' fees under SCUTPA, or her claims for "consequential damages" or "pain and suffering and emotional distress damages." *See supra* ¶ 5.

## VI.  CONCLUSION

The requirements for removal under CAFA are satisfied here.  Defendant respectfully requests that the Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated:  May 26, 2021                Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ROBERT H. BRUNSON
    Robert H. Brunson
    Federal Bar No. 4971
    E-Mail: robert.brunson@nelsonmullins.com
    Robert W. Whelan
    Federal Bar No. 09242
    E-Mail: robert.whelan@nelsonmullins.com
    Olesya V. Bracey
    Federal Bar No. 11767
    E-Mail: olesya.bracey@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC  29401-2239
    (843) 853-5200

*Attorneys for Defendant*
*United States Automobile Association*