UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
(ORANGEBURG DIVISION)

| | |
|---|---|
| MALLOREY TOMCZAK, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br><br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION <br><br> Defendant. | ) ) ) ) Case No. 5:21-cv-01564-MGL ) ) ) **PLAINTIFF'S UNOPPOSED MOTION TO** ) **AMEND COMPLAINT AND** ) **MEMORANDUM IN SUPPORT** ) ) ) ) ) ) ) ) |

Plaintiff Mallorey Tomczak ("Plaintiff"), by and through her undersigned counsel, pursuant to Fed. R. Civ. P. 15(a) hereby moves to amend her Complaint, and respectfully states as follows.

### CERTIFICATE OF CONFERRAL

Pursuant to Local Civil Rule 7.02, counsel for Plaintiff has conferred with counsel for United Services Automobile Association ("USAA") regarding the relief requested in this Motion, and counsel for USAA does not oppose the relief requested.

1.  On April 15, 2021, Plaintiff filed her class action Complaint against USAA in the Court of Common Pleas, State of South Carolina, County of Orangeburg, alleging claims against USAA for bad faith breach of insurance contract, breach of contract and violations of South Carolina Unfair Trade Practices Act, S.C. Code Ann §39-5-10, et seq. ("SCUTPA"). USAA timely removed the state court action to this Court.

2. On June 23, 2021, USAA filed a partial motion to dismiss, seeking to dismiss only Plaintiff's claims under SCUTPA. USAA filed an answer with respect to the remaining allegations and claims alleged in the Complaint. By Order entered July 8, 2021, the Court granted Plaintiff a two-week extension, or until July 21, to respond to USAA's Motion to Dismiss the SCUTPA claim.

3. Plaintiff seeks leave to amend her Complaint pursuant to Fed. R. Civ. P. 15(a) to omit its SCUTPA claim, to add four additional plaintiffs, and to add as defendants USAA Casualty Insurance Company ("USAA-CIC"), USAA General Indemnity Company ("USAA-GIC"), and Garrison Property and Casualty Insurance Company ("Garrison"). USAA-CIC, USAA-GIC and Garrison are subsidiaries of USAA. (USAA, USAA-CIC, USAA-GIC and Garrison are collectively referred to herein as ("USAA Group")).

4. Plaintiff also seeks leave to amend her Complaint to include claims for bad faith breach of insurance contract and breach of contract against the additional defendants; to bring alter ego allegations that USAA is the alter ego of USAA-CIC, USAA-GIC and Garrison; to bring a conspiracy claim against USAA Group alleging that they engaged in an unlawful conspiracy with Auto Injury Solutions ("AIS"), an unnamed co-conspirator; and to include National Classes.

5. The grounds underlying Plaintiff's Motion to Amend Complaint are set forth in the accompanying Memorandum in Support of Motion to Amend Complaint. Plaintiff's proposed amended complaint is attached hereto as **Ex. A**.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff, by and through her undersigned counsel, submits this Memorandum in Support of Plaintiff's Motion to Amend Complaint, and respectfully states herein:

**I.     FEDERAL RULE OF CIVIL PROCEDURE 15(a) DIRECTS THAT LEAVE TO AMEND SHALL BE FREELY GIVEN.**

Fed. R. Civ. P. 15(a) reflects the general premise stated by the United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41 (1957), that pleading is not to be viewed as a "game of skill in which one misstep by counsel may be decisive," but rather as a system designed "to facilitate a proper decision on the merits." *Id*. at 48; s*ee also United States v. Hougham*, 364 U.S. 310, 316 (1960) ("Rule 15 of the Federal Rules of Civil Procedure . . . was designed to facilitate the amendment of pleadings . . . ."); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that leave to amend shall be freely given when justice so requires).

While "the decision whether to grant leave rests with the sound discretion of the district court," the Federal Rules strongly favor granting leave to amend. *Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164, 167-68 (4th Cir. 1993); *Nat'l Bank of Wash. v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988); *Collins v. S. Health Partners*, No. 8:18-01811-MGL, 2019 WL 1861613, at *2 (D.S.C. Apr. 25, 2019), *aff'd*, 771 F. App'x 271 (4th Cir. 2019) ("The standard for leave to amend is a liberal one. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.")). So long as there has been no undue delay, bad faith or dilatory motive, leave should be granted. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *Smith v. Town of Clarkton, N.C.*, 682 F.2d 1055, 1059 (4th Cir. I982); *Hart v. Hanover Cty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012) ("[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the

opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.") (citation omitted).

## II.     PLAINTIFFS SEEK TO AMEND THEIR COMPLAINT WITHIN THE SPIRIT AND INTENT OF FEDERAL RULE OF CIVIL PROCEDURE 15(a)'S LIBERAL PROVISIONS.

Plaintiff's proposed amended complaint is not the product of bad faith or dilatory practice, and the proposed amendment will not result in prejudice to USAA. Instead, Plaintiff's proposed amended complaint will avoid multiplicitous litigation by bringing the same actions involving the improper denial and reduction of personal injury protection ("PIP") benefits against USAA and its subsidiaries, *viz.*, USAA-CIC, USAA-GIC, and Garrison. More specifically, the proposed amended complaint: (1) includes claims for bad faith breach of insurance contract and breach of contract against the proposed additional defendants, in addition to USAA, based on the same improper conduct using AIS to improperly deny and reduce their insureds' PIP claims; (2) includes alter ego allegations that USAA is the alter ego of USAA-CIC, USAA-GIC and Garrison, and that USAA directed and controlled its subsidiaries to engage in the improper denial and reduction of PIP benefits; and (3) includes a conspiracy claim against USAA Group alleging that they engaged in an unlawful conspiracy with AIS, an unnamed co-conspirator, to accomplish the improper denial and reduction of PIP benefits through the use of AIS's automated software system pursuant to an agreement entered into between USAA and AIS.

The proposed amendment is not untimely, and USAA will not be prejudiced by the proposed amendment because the case is in its infancy and the parties are still only discussing the scheduling order deadlines and have not yet submitted their proposed scheduling order and Rule 26(f) Report to the Court which is due on July 27, 2021.

### III.     CONCLUSION.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion to Amend Complaint in accordance with the spirit of Fed. R. Civ. P. 15(a), and its liberal interpretation.

Dated: July 21, 2021                         Respectfully submitted,

*/s/ C. Bradley Hutto*
C. Bradley Hutto, Esquire (S.C Bar #6436)
WILLIAMS & WILLIAMS
Post Office Box 1084
Orangeburg, SC 29116
Tel: (803) 534-5218
Fax: (803) 928-5190
Orangeburg, South Carolina
Email: cbhutto@williamsattys.com

Franklin D. Azar (*pro hac vice*)
Michael D. Murphy (*pro hac vice*)
Dezarae LaCrue (*pro hac vice*)
Brian Hanlin (*pro hac vice*)
Alexander F. Beale (*pro hac vice* forthcoming)
Margeaux R. Azar (*pro hac vice*)
FRANKLIN D. AZAR & ASSOCIATES, P.C.
14426 East Evans Avenue
Aurora, CO 80014
Telephone: (303) 757-3300
Fax: (720) 213-5131
Email: azarf@fdazar.com
           murphym@fdazar.com
           lacrued@fdazar.com
           hanlinb@fdazar.com
           bealea@fdazar.com
           azarm@fdazar.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 21, 2021, the foregoing document was served on Defendant's counsel by the Court's electronic filing system.

                                                */s/ C. Bradley Hutto*
                                                C.  Bradley Hutto