

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| MALLOREY TOMCZAK, LUIS RIVERA-SOLIS, KALITHA HEAD, JOSEPHINE WALKER, AND LESLIE WYATT, *on behalf of themselves and all others similarly situated*, Plaintiffs, <br><br> vs. <br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, Defendants. | Civil Action No. 5:21-cv-01564-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DISMISSING WITHOUT PREJUDICE IN PART
DEFENDANTS' MOTION TO DISMISS**

## I.     INTRODUCTION

Plaintiffs Mallorey Tomczak, Luis Rivera-Solis, Kalitha Head, Josephine Walker, and Leslie Wyatt (collectively, Plaintiffs) brought this putative class action suit against the above-named Defendants (Defendants) on behalf of themselves and all others similarly situated. They make several breach of contract and bad-faith breach of contract claims, as well as a single civil conspiracy claim.

The lawsuit was first filed in the Orangeburg Court of Common Pleas, but was subsequently removed to this Court. The Court has jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is Defendants' motion to dismiss Plaintiffs' nationwide class allegations and their civil conspiracy claim. Having carefully considered the motion, the response, the reply, the record, and the applicable law, the Court will grant Defendants' motion to dismiss the nationwide class allegations, and dismiss without prejudice the portion of the motion concerning Plaintiffs' civil conspiracy claim.

## II.     FACTUAL AND PROCEDURAL HISTORY

As per the amended complaint, Plaintiffs, on behalf of themselves and all others similarly situated, "bring this action against Defendants . . . for their improper scheme designed to systematically, wrongfully, and arbitrarily deny them their first-party personal injury protection and Medical Payments . . . insurance benefits owed them under their . . . insurance policies." Amended Complaint ¶ 1. According to Plaintiffs, "[t]his action seeks to remedy [Defedants'] improper and unlawful conduct and enjoin [them] from continuing to perpetrate this scheme against [their] insureds through the improper processing, adjustment, and payment of PIP benefits." *Id*.

All of the named Plaintiffs are residents of South Carolina; and all Defendants are residents of Texas. Plaintiff have indicated they will be seeking certification of four purported nationwide classes.

As the Court noted above, this lawsuit was first filed in the Orangeburg County Court of Common Pleas. Then, it had just one named plaintiff, Mallorey Tomczak (Tomczak), and one

2

defendant, United Services Automobile Association (USAA). Tomczak originally brought the action on behalf of herself and all others similarly situated here in South Carolina.

After USAA removed the case to this Court, however, Tomczak amended her complaint to add several purported nationwide classes, as well as additional named plaintiffs, defendants, and causes of action.

Defendants subsequently filed this pending motion to dismiss, Plaintiffs filed their response in opposition, and Defendants filed their reply in support.

The Court, now having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

### III.   STANDARD OF REVIEW

To survive a motion to dismiss, the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555), to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly,* 550 U.S. at 555.

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130 (4th Cir. 1993). Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption

of truth, and even those allegations pled with factual support need only be accepted to the extent "they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

IV.  **DISCUSSION AND ANALYSIS**

   *A. Whether the Door-Closing Statute applies to Plaintiffs' nationwide class allegations*

Defendants argue the non-resident members' allegations in Plaintiffs' proposed putative nationwide classes should be dismissed because South Carolina's Door-Closing Statute, S.C. Code § 15-5-150, does not allow non-residents to sue foreign corporations in South Carolina. Plaintiffs, of course, disagree.

As per the Door-Closing Statute:

> An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:
> (1) By any resident of this State for any cause of action; or
> (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.

*Id*. Only subsection (1) is at issue here.

Defendants rely on the South Carolina Supreme Court case *Farmer v. Monsanto Corp.*, 579 S.E.2d 325 (S.C. 2003) to explain the proper application of the Door-Closing Statute. The *Farmer* court held that the Door-Closing Statute forbade the named South Carolina resident plaintiffs from representing out-of-state residents with claims against out-of-state defendants. *Id*. 328. In other words, "the class itself cannot include members who would not be able to bring the action in their individual capacities under the [D]oor-[C]losing [S]tatute . . . . [inasmuch as] § 15–5–150 controls the eligibility of class members in a class action where the defendant is a foreign corporation." *Id*.

Plaintiffs make a valiant, yet unsuccessful, attempt to overcome Defendants' arguments. First, they cite to this footnote in a Fourth Circuit opinion, *Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177 (4th Cir. 1993), to say that we are to look only to the residency of the named plaintiff in a class action suit, not to the unnamed and non-resident plaintiffs, to decide whether the Door-Closing Statute applies:

> Defendants also maintain that South Carolina's "[D]oor [C]losing" [S]tatute . . . blocks this suit by preventing any non-South Carolina colleges from suing non-South Carolina defendants in court in South Carolina. [The named plaintiff], however, is a South Carolina resident whose suits the Statute does not bar. . . . Even if non-South Carolina colleges were class representatives, it is doubtful that the [S]tatute would apply because of the current countervailing federal policy in favor of consolidating asbestos litigation.

*Id*. at 186 n.3. From the last sentence, however, it is clear the *Central Wesleyan* court understood that the Door-Closing Statute applies in federal diversity acitons "unless there are affirmative countervailing federal considerations." *Szantay v. Beech Aircraft Corp.,* 349 F.2d 60, 64 (4th Cir. 1965).

Nevertheless, according to Plaintiffs, the statement that "[The named plaintiff] . . . is a South Carolina resident whose suits the statute does not bar[,]" *id*., leads to the logical conclusion that only the residency of the named plaintiffs applies in the Court's consideration of whether the Door Closing Statute ought to apply to their nationwide class allegations.

The Court is unpersuaded that such a single, simple, sentence, which is buried in a footnote, no less, constitutes the Fourth Circuit's deliberate alteration of well-settled law that the Door Closing Statute generally applies in federal diversity actions. *See, e.g.*, *Proctor & Schwartz, Inc. v. Rollins*, 634 F.2d 738, 740 (4th Cir. 1980) (holding that the Door Closing Statute barred the lawsuit); *Bumgarder v. Keene Corp.*, 593 F.2d 572, 573 (4th Cir. 1979) (same);

5

Besides, in *Ward v. Dixie Nat. Life Ins. Co.*, 257 Fed. App'x. 620, 628, 2007 WL 4293319, at *7 (4th Cir. 2007), the Fourth Circuit stated, fourteen years after its *Central Wesleyan* opinion, that it has not yet "decide[d] what effect the reinterpreted [D]oor-[C]losing [S]tatute has on class membership in suits being heard in South Carolina federal courts sitting in diversity." *Id.*  As such, it obviously does not interpret the footnote in *Central Wesleyan* as deciding the issue of whether the Door Closing Statute covers Plaintiffs' nationwide class allegations.

Further, although not binding, the Court is persuaded by Judge Richard M. Gergel's decision in which he recently answered a similar question to what the parties have presented to the Court here:  whether South Carolina's Door Closing Statute applies to non-named and non-resident class members.  *See Hart v. Navy Federal Credit Union*, No. 2:21-cv-44-RMG, 2021 WL 2418459, *1 (D.S.C. June 11, 2021) (concerning a South Carolina resident seeking to represent a nationwide class action against a non-resident defendant).  In his opinion, he concluded "that § 15-5-150 applies and that each member of the putative class must meet the requirements of this Statute.  Therefore, Plaintiff's claims are dismissed to the extent that they purport to bring claims on behalf of a national class."  *Id*. *3.

In Plaintiffs' second argument as to why the Door Closing Statute should not apply to their nationwide class allegation, they argue that the Statute conflicts with Rule 23, the class action rule, and 17, the capacity rule, of the Federal Rules of Civil Procedure.  Thus, as per S*hady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), Plaintiffs contend the federal rules, and not the Door Closing Statute, should apply to their claims.

When a state rule and a Federal Rule address the same issue, *Shady Grove* provides the Court with a two-step framework for mediating any potential conflict.  In step one, the Court asks whether the Federal Rules "answer[ ] the question in dispute," *Id* at 398.  If the Federal Rules

6

answer that question, then they govern, notwithstanding state law, unless, at step two of the analysis, the Court concludes the relevant Federal Rules invalid under either the Constitution or the Rules Enabling Act.  *Id*.  The Rules Enabling Act states, in relevant part, that the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(b).

According to Plaintiffs, because the Door Closing Statute operates as a bar to nationwide class actions that are governed by Rule 23, then the Door Closing Statute and Rule 23 conflict with one another and, therefore, satisfy the first step in the *Shady Grove* analysis.

As Defendants aptly point out, however, "Rule 23 sets forth the elements required for certification of a class in federal court. . . .  Conversely, the Door Closing Statute has nothing to do with the requirements for class certification, and it does address who may bring substantive claims on an individual basis."  Defendants' Reply at 11-12.  To the contrary, the Door Closing Statute deals with whether nonresident plaintiffs, regardless of whether they are individual plaintiffs, class representatives, or class members, are disallowed from suing nonresidents for claims arising outside of South Carolina.  Thus, Plaintiffs are unable to prevail on their *Shady Grove* argument as to Rule 23.

Plaintiffs also argue the Door Closing Statute conflicts with Fed. R. Civ. P. 17.  They rely on the quote from *Farmer* stating that the Door Closing Statute "does not involve subject matter jurisdiction but rather determines the capacity of a party to sue[.]"  *Farmer,*  579 S.E.2d at 327.

Assuming, without deciding, that there is a conflict here and Rule 17 applies, the "[C]ourt, in measuring a Federal Rule against the standards contained in the Enabling Act[,] . . . need not wholly blind itself to the degree to which the Rule makes the character and result of the federal

7

litigation stray from the course it would follow in state court[.]" *Hanna v. Plummer*, 380 U.S. 460, 473 (1965).

As Defendants note, "Plaintiffs' argument would allow nonresidents to circumvent the Door Closing Statute by permitting them to assert claims as putative class members that they could not assert as named plaintiffs. Thus, the federal rules as interpreted by Plaintiffs would violate the Rules Enabling Act by abridging, enlarging, and modifying a 'state-created right or remedy.'" Defendants' Reply at 17  (quoting *Shady* Grove, 559 U.S. at 422 (Steven, J.,, concurring in part). Thus, Plaintiffs are also unable to prevail on their *Shady Grove* argument as to Rule 17.

It has long been held that federal courts are required to apply Door-Closing Statutes in diversity actions on the principle that where "one is barred from recovery . . . in the state court, he should likewise be barred in the federal court." *Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949).  After all, "for purposes of diversity jurisdiction[,] a federal court is in effect, only another court of the State." *Id*.

Consequently, because a South Carolina state court would be required to dismiss Plaintiffs' nationwide class allegations, this Court must do the same.

### B.     *Whether Plaintiffs have plausibly pled their civil conspiracy claim*

Defendants maintain the Court ought to dismiss Plaintiffs' civil conspiracy claim because they have neglected to plead overt acts in furtherance of the conspiracy, which are separate and independent from the otherwise wrongful acts alleged.  According to South Carolina civil conspiracy law, when the plaintiffs "merely reallege[ ] the prior acts complained of in [their] other causes of action as a conspiracy action but failed to plead additional acts in furtherance of the conspiracy, [they were] not entitled to maintain [their civil] conspiracy cause of action." *Kuznik v. Bees Ferry Assocs.*, 538 S.E.2d 15, 31 (S.C. Ct. App. 2000).

Plaintiffs contend, however, that they sufficiently pled such other separate and independent acts. Nevertheless, in case the Court agrees with Defendants, Plaintiffs request that the Court grant them leave to amend their complaint to allege additional facts in support of their civil conspiracy claim. The Court will grant their request.

## V.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiffs' nationwide class allegations is **GRANTED**, their motion to dismiss Plaintiffs' civil conspiracy claim is **DISMISSED WITHOUT PREJUDICE**, and Plaintiffs' request for leave to amend their complaint to plead additional facts is **GRANTED**.

Plaintiffs shall file their amended complaint not later than March 31, 2022.

**IT IS SO ORDERED.**

Signed this 24th day of March 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE